**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN CASKEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No:  4:24-cv-10 |
| | ) | |
| **TEE TURTLE, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rule 81-2.03, Defendant Tee Turtle, LLC ("TeeTurtle") removes to the U.S. District Court for the Eastern District of Missouri the action styled *John Caskey v. Tee Turtle*, *LLC*, Case No. 23SL-CC05082, currently pending in the Circuit Court of St. Louis County, Missouri. In support of removal, TeeTurtle states:

1.      On November 20, 2023, Plaintiff John Caskey commenced this action in the Circuit Court of St. Louis County, Missouri by filing his Petition. A copy of the Petition is attached as Ex. A.

2.      Caskey's Petition purports to assert a claim for retaliation under the Missouri Human Rights Act ("MHRA"). See Ex. A, ¶¶ 1, 29-37.

3.      TeeTurtle was served with the summons and Petition on December 4, 2023.  In accordance with § 1446(a), copies of all process, pleadings, and orders served TeeTurtle are attached as Ex. B.

4.      A copy of the state-court file is attached as Exhibit C.

5.      Under 28 U.S.C. § 1446(b) removal is timely if filed within 30 days after defendant is served with summons and the initial pleading, and, thus, TeeTurtle is timely filing this removal.

1

6.      Under §§ 1441(a) and 1446(a), the U.S. District Court for the Eastern District of Missouri, Eastern Division, is the appropriate court for removing an action from the Circuit Court of St. Louis County, Missouri, where this action was originally filed.

7.      Further, in accordance with 28 U.S.C. § 1446(d), Caskey and the Clerk of the Circuit Court of St. Louis County, Missouri are being served with copies of this Notice of Removal.

## DIVERSITY JURISDICTION

8.      The Court has original jurisdiction over this action under § 1332(a) because the named parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      In his Petition, Caskey alleges that he resides in Florida. *See* Ex. A, ¶ 2, Thus, upon information and belief, Caskey is a Florida citizen.

10.     TeeTurtle is a limited liability company. "An LLC's membership, for purposes of diversity jurisdiction, is the citizenship of each of its members." *One point Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). TeeTurtle's sole member is its founder and CEO Ramy Badie. Badie is domiciled in and a citizen of Washington, D.C. As such, TeeTurtle is a citizen of Washington, D.C.

11.     The amount in controversy also exceeds $75,000, exclusive of interests and costs.

12.     Caskey does not set forth the specific amount of damages sought in the Petition; rather, he seeks judgment in his favor for "(1) a sum of money making Plaintiff whole for the harm caused, including compensatory damages for emotional distress, humiliation, and diminished employment status; (2) … front pay in lieu of reinstatement; (3) punitive damages to punish and deter Defendant and others from like conduct; (4) costs and expenses of litigation and a reasonable

sum as and for attorney's fees; (5) pre-judgment interest; and (6) such other and further equitable and legal relief as this Court deems just and proper." *See* Ex, A, pp. 5-6. As such, Caskey's Petition—on its face—seeks more than $75,000 in damages.[1]

13.     As stated by the Supreme Court, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The standard for determining whether the amount in controversy requirement is met is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002) (internal citations omitted).

14.     Courts consider actual damages, compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Kopp*, 280 F.3d at 886; *Allison v. Sec. Ben. Life Ins. Co*., 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

15.     The MHRA provides for recovery of actual damages, including back pay, emotional distress, punitive damages, and attorneys' fees. *See* Mo. Rev. Stat. §§ 213.111.2, .4.

16.     An award of damages for back-pay damages, emotional distress, punitive damages, and attorneys' fees could exceed $75,000. Moreover, these damages can be aggregated to meet the jurisdictional threshold. *See Brooks v. Kelly*, No. 4:11CV01510 AGF, 2011 WL 6009657, at *3 (E.D. Mo. Dec. 1, 2011) (citing *Crawford v. F. Hoffman-La Roche Ltd*., 267 F.3d 760, 765-67 (8th Cir. 2001)); *see also Riffert v. Walgreen Co*., No. 4:07CV1912 JCH, 2008 WL 495643, at *2 (E.D.

---

[1] The amounts asserted in this Notice of Removal are those amounts that Caskey's Petition can reasonably read to be requesting. While these amounts are in controversy, TeeTurtle denies the claims in the Petition and that any sum is owed to Caskey.

Mo. Feb. 20, 2008) (back wages, front wages, and emotional distress all increased the amount in controversy).

17.     Caskey's annual salary at TeeTurtle was $275,000. Accordingly, his potential back-pay damages alone exceed the amount in controversy requirement. *See*, *e.g., Brooks*, 2011 WL 6009657, at *3 (alleged pay decrease of $30,000 per year satisfied amount in controversy).

18.     Additionally, while emotional-distress damages can vary, they do increase the value of Caskey's claims. *See*, e.g., *Rowe v. Hussman Corp*., 381 F.3d 775 (8th Cir. 2004) (affirming award of $500,000 in emotional distress damages); *Morse v. S. Union Co*., 174 F.3d 917 (8th Cir. 1999) (affirming award of $70,000 in emotional distress damages in age discrimination claim).

19.     Recent jury verdicts for plaintiffs for MHRA claims exceeded $75,000:

- *Hesse v. Missouri Dep't of Corrections*, 2016 WL 825832 (Cir. Ct. Jackson County, Mo. January 20, 2016) (jury verdict of $500,000 for compensatory pain and suffering and $1,000,000 for punitive damages for claims of gender discrimination and retaliation);

- *Mayes v. United Parcel Service, Inc., et al.*, 2018 WL 7958657 (Cir. Ct. City of St. Louis, Mo. June 6, 2018) (jury verdict of $350,000 for compensatory damages and $7,000,000 for punitive damages for gender discrimination and hostile work environment claims

20.     Punitive damage awards in MHRA cases can exceed $75,000 by themselves:

- *Coats & Harrold v. Premier Mortg. Funding, Inc.*, No. 06cc-002611, 2007 WL 4966104 (St. Louis City, Mo., Apr. 5, 2007) (jury verdict of $215,000 in punitive damages under MHRA);

- *Williams v. Trans States Airlines, Inc., et al*, No. 2104cc-03601, 2008 WL 5449759 (St. Louis Co., Mo., Jan. 31, 2008) (jury verdict of $325,000 in punitive damages under the MHRA);

- *Kisner v. Missouri Dep't of Mental Health*, 2010 WL 6775529, Dkt. No. 0916-CV24495 (Jackson Co., Mo., December 9, 2010) (jury verdict of $400,000 in punitive damages for gender discrimination and harassment claims under MHRA).

21.    Fee awards in MHRA cases can exceed $75,000 by themselves:

- *Lee v. Consolidated* Freightways, No. 99-1227-SOW, Doc. 131 (W.D. Mo. Aug. 14, 2002) (order awarding plaintiff $112,430 in attorneys' fees in discrimination case);

- *Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 361-365 (8th Cir. 2009) (affirming jury award of $30,000 in compensatory damages and remitting jury's $500,000 punitive damage award to $120,000 in retaliatory discharge claim under the MHRA for a total damage award of $150,000, and finding award of $220,000 in attorneys' fees and costs was not an abuse of discretion in retaliatory discharge suit under the MHRA);

- *McKinney v. Mercy Hosp. St. Louis*, No. 15SL-CC03392, 2018 WL 10806847 (St. Louis Co., Mo., Nov. 9, 2018) (order awarding plaintiff $347,550 in attorneys' fees in MHRA discrimination case), *aff'd.*, *McKinney v. Mercy Hosp. St. Louis*, 604 S.W.3d 680, 694 (Mo. App. E.D. 2020);

- *Harrison v. Harris Stowe State Univ.*, No. 1722-CC01238 (St. Louis City, Mo., May 1, 2020) (order awarding plaintiff $464.012.50 in attorneys' fees in MHRA discrimination claim).

22.    Given Caskey's claims for lost wages and benefits, emotional distress damages, punitive damages, and attorneys' fees, the amount in controversy exceeds the $75,000 jurisdictional threshold. *See*, *e.g., Brooks*, 2011 WL 6009657, at *3.

23.    Therefore, under § 1332(a), this court has original jurisdiction because the named parties are completely diverse—Caskey and TeeTurtle are citizens of different states—and the amount in controversy exceeds $75,000.

**Wherefore,** TeeTurtle gives notice that this action is removed from the Circuit Court of St. Louis County, Missouri to the U.S. District Court for the Eastern District of Missouri, Eastern Division.

Respectfully submitted this 3rd day of January, 2024.

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

/s/ Robert L. Ortbals, Jr.
Robert L. Ortbals, Jr., #56540MO
Tedrick R. Hawkins # 74317MO
680 Craig Road, Suite 400
St. Louis, Missouri 63141
Telephone: (314) 925-7270
Facsimile: (314) 925-7278
rortbals@constangy.com
thawkins@constangy.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2024, a copy of the above and foregoing was served via

operation of the Court's electronic filing system and by electronic mail on the following:

Russell C. Riggan
Samuel W. Moore
Tyler R. Gillam
RIGGAN LAW FIRM, LLC
130 W Monroe Ave.
Kirkwood, MO 63122
russ@rigganlawfirm.com
smoore@rigganlawfirm.com
tgillam@rigganlawfirm.com

**Attorneys for Plaintiff**

/s/ Robert L. Ortbals, Jr.
Attorney for Defendant

6